IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONELL RODRIGUEZ, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-03-317 |
| DOUG DRETKE, Director,<br>Texas Department of Criminal<br>Justice-Correctional Institutions Division,<br>Respondent. | § | |

### ORDER DENYING PETITIONER'S
### MOTION TO ALTER OR AMEND JUDGMENT

On March 29, 2005, this Court entered judgment for the respondent and dismissed Petitioner Lionell Rodriguez's petition for a writ of habeas corpus with prejudice. On April 8, 2005, Rodriguez filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment.

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.*

Rodriguez's 19 page motion fails to identify any plain error. With one exception, Rodriguez merely expresses his disagreement with this Court's conclusions and attempts to

relitigate substantial portions of his petition. The appropriate avenue for Rodriguez to argue his disagreement with this Court's conclusions is on appeal.

The one exception is Rodriguez's claim of prosecutorial misconduct regarding the dismissal for cause of prospective juror Anita Rodriguez. There was a dispute over whether Ms. Rodriguez was statutorily eligible to serve as a juror because she received probation for a prior conviction and it was unclear whether the probation was dismissed, which would have rendered Ms. Rodriguez eligible.

First, Rodriguez argues that this Court erred in determining that "the trial court then questioned Ms. Rodriguez, who testified that she received straight, rather than deferred, probation, and the probation was terminated" because, Rodriguez argues, the Texas Court of Criminal Appeals did not so state. This Court's conclusion, however, was based on the trial record, which is cited in the Memorandum and Order. The Texas Court of Criminal Appeals' decision is consistent with this conclusion.

Second, Rodriguez now argues that the prosecutor knew Ms. Rodriguez was eligible to serve as a juror, and deliberately misled the trial court. He cites no evidence showing that the prosecutor had such specific knowledge, and did not so argue in his petition. In his petition, Rodriguez argued that the prosecutor *should have known* the status of Ms. Rodriguez's probation because the information was available through the County Clerk's office. Considering the timing of events, however, there is no reason to believe that the prosecutor had actual knowledge of Ms. Rodriguez's status and acted to mislead the trial court. It is therefore

2

**ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Doc. # 41) is **DENIED**.

SIGNED at Houston, Texas this **13th day of May, 2005.**

Nancy F. Atlas
United States District Judge